STATE BAR OF NEVADA, COMPLAINANT, v.
DOUGLAS A. WATKINS, RESPONDENT.

No. 14301

December 29, 1982                    655 P.2d 529

---

[1]The Chief Justice assigned SENIOR JUSTICE DAVID ZENOFF to participate in the decision of this matter, in the place and stead of the Chief Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c) and SCR 10.

## ORDER

Pursuant to our order in the appeal of State Bar of Nevada v. Watkins, No. 14301, we hereby authorize the publication, in accordance with SCR 121, of the following letter of reprimand, submitted by the State Bar of Nevada Disciplinary Board, Southern District, Pat Fitzgibbons, Chairman:

Douglas A. Watkins, Esquire, 3017 W. Charleston Boulevard, No. 95, Las Vegas, Nevada    89102

In March of 1979, you were hired by a Corporate Client to collect an unpaid account, in which you were successful. In June of 1979, you were hired by the same Corporate Client to collect certain other unpaid accounts. Your client paid all sums you billed, including costs advanced for the filing and service of a number of Complaints which were never actually filed or served. Shortly after receiving payment, the client changed collection personnel and your attorney-client relationship greatly deteriorated. Your client made repeated unanswered inquiries of you on the status of its cases. You did not keep your client informed on the status of its cases, nor did you take the initiative to return its files to it. Eventually the client requested the return of its files and the unused portion of its advanced costs.

In an effort to reach an informal resolution of this matter, you met with three members of the Disciplinary Board, along with your client, in January, 1981, to discuss the situation. At that time, you agreed to refund the unexpended costs and return the client's files, but failed to comply with your promise until a formal Complaint was filed against you by the State Bar of Nevada.

In unrelated matters, two of your clients filed separate statements of grievance against you alleging unethical conduct. Neither of these matters was found to have any merit. However, when copies of both grievances were sent to you with a request to reply to the allegations, you failed to respond to those grievances. During your January, 1981 meeting with the Disciplinary Board Members, you promised to file replies to both grievances after being questioned concerning your failure to respond. Even after promising to reply to the grievance, you did not do so, requiring a second letter to be sent certified mail asking for a reply to the grievances.

It is the ethical duty of an attorney to keep his clients advised of the progress of their cases and to make timely replies to their inquiries. DR 1-102(A)(6). See also, 80 ALR3d 1240, Failure to Communicate with Client as Basis for Disciplinary Action Against Attorney. A disagreeable attorney-client relationship does not relieve an attorney of the duty to perform or communicate with a client.

It is also the duty of an attorney to cooperate in investigations of alleged professional misconduct, and it may be deemed an adverse reflection on his fitness to practice law, and conduct prejudicial to the administration of justice when he refuses to answer letters from Disciplinary personnel or otherwise fails to cooperate. DR 1-102(A)(5) B (6). See also In re Miller, 57 Nev. 93, 59 P.2d 9 (1936) and Matter of Cartwright, 282 N.W.2d 548 (Minn. 1979).

Your conduct in these matters has fallen far below that expected of one admitted to practice law and brings discredit to our profession. Not only did you fail to communicate with your clients, and fail to cooperate with the Disciplinary inquiry, but you failed to keep your promise to the Disciplinary Board Members.

DATED this 28th day of December, 1982.

s/*Patrick J. Fitzgibbons,* Esquire, Chairman, Southern Nevada Disciplinary Board